## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IMTHIYAS AHAMED, AND | ) | |
| ALL OTHERS SIMILARLY SITUATED | ) | |
| PLAINTIFFS, | ) | **Civil Action** |
| | ) | **File No.** |
| v. | ) | |
| | ) | |
| RIYA TRAVEL & TOURS, INC.; | ) | |
| BOOKOTRIP LLC; TRIP BRANDS LLC; | ) | **Jury Demanded** |
| SAMUEL BENSON; AND, ANI BENSON | ) | |
| DEFENDANTS. | ) | |

## PLAINTIFFS' ORIGINAL COMPLAINT

NOW COME PLAINTIFFS, IMTHIYAS AHAMED, and all others similarly situated, and complain of Defendants Riya Travel & Tours, Inc.; BookOtrip, LLC; Trip Brands LLC; Samuel Benson; and, Ani Benson ("Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

## I.
## INTRODUCTION

1.      This is a collective action suit authorized by the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), wherein class plaintiff seeks to recover, on his behalf and on behalf of all similarly situated employees, unpaid overtime and other wages.

2.      This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime and other wages to Imthiyas Ahamed ("Mr. Ahamed" or "Plaintiff"), and to all others similarly situated, in the course of their employment with the Defendants.

**II.**
**JURISDICTION AND VENUE**

3.    Plaintiff, on behalf of himself and the Plaintiff class, brings this action to recover unpaid overtime and other compensation from Defendants pursuant to the FLSA.

4.    The Court has jurisdiction of these asserted claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

5.    The Court has personal jurisdiction over the Defendants because Defendants routinely conduct business in Texas, and in particular, in the Southern District of Texas, sufficient to constitute minimum contacts with the state and this district.

6.    Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

**III.**
**PARTIES**

7.    **Imthiyas Ahamed**, Plaintiff, is a resident of Fort Bend County, Texas.

8.    **Members of the "Plaintiff Class"** are current and former non-exempt employees of Defendants who work, or worked, at one or more of Defendants' business establishments, which establishments collectively comprise an enterprise under the FLSA.

9.    Defendant, **Riya Travel & Tours, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed chief executive officer, Mr. Samuel Benson, at 8644 Forest Glen Drive, Irving, Texas 75063, or at any other address where he may be found.  This Defendant is part of an "enterprise" that owns one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including the travel agency business known as, and doing business as, "Riya" and "Riyatravels.com".

10.     Defendant, **BookOtrip, LLC,** is a validly existing Texas limited liability company that may be served with summons and complaint by serving its duly appointed director, Ms. Ani Benson, at 8644 Forest Glen Drive, Irving, Texas 75063, or at any other address where she may be found. This Defendant is part of an "enterprise" that owns one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including the travel agency business known as, and doing business as, "BookOtrip.com".

11.     Defendant, **Trip Brands, LLC,** is a validly existing Texas limited liability company that may be served with summons and complaint by serving its duly appointed director, Ms. Ani Benson, at 8644 Forest Glen Drive, Irving, Texas 75063, or at any other address where she may be found. This Defendant is part of an "enterprise" that owns one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce.

12.     Defendant, **Samuel Benson,** is an individual who may be served with summons and complaint at his residence located at 8644 Forest Glen Drive, Irving, Texas 75063, or at any other address where he may be found. This Defendant is part of an "enterprise" that owns, or has owned, one or more travel agency business establishments engaged in interstate commerce or in the production of goods for interstate commerce.

13.     Defendant, **Ani Benson,** is an individual who may be served with summons and complaint at her residence located at 8644 Forest Glen Drive, Irving, Texas 75063, or at any other address where she may be found. This Defendant is part of an "enterprise" that owns, or has owned, one or more travel agency business establishments engaged in interstate commerce or in the production of goods for interstate commerce.

14.     Whenever in this complaint it is alleged that the above named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

15.     At all material times, Defendants have been an "employer" within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

16.     At all material times, Plaintiffs and all members of the Plaintiff Class have been "employees" within the meaning of 29 U.S.C. § 203(e).

17.     At all material times, Defendants have been an "enterprise" within the meaning of 29 U.S.C. § 203(r).

18.     At all material times, Plaintiff was an employee engaged in interstate commerce or in the production of goods for interstate commerce pursuant to 29 U.S.C. §§ 206-207.

19.     At all material times, Defendants have been an enterprise engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of 3(s)(1) of the FLSA because each Defendant had employees who were engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

## IV.
## COLLECTIVE ACTION ALLEGATIONS

20.     Plaintiff files this case as an "opt-in" collective action, as is specifically allowed by 29 U.S.C. § 216(b).

21.     Other employees have been victimized by Defendants' ill-conceived patterns, practices, and policies that violate the FLSA.  As such, other similarly situated employees are

being denied their lawful wages, and Plaintiff's experience is typical of the experience of members of the Plaintiff Class as it pertains to unpaid wages and unauthorized wage deductions.

22.     The specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment.

23.     Each non-exempt employee, regardless of job title, job requirements, or rate of pay, who is denied overtime compensation for hours worked in excess of 40 in one or more workweek, or who has been subjected to unauthorized wage deductions, is similarly situated to Plaintiff.

24.     Furthermore, although the amount of damages may vary among individual employees, there is no detraction from the common nucleus of liability facts.

25.     All current and former non-exempt employees employed by Defendants' business establishments, who at any time during the three years prior to the date of filing of this action to the date of judgment were denied overtime pay for hours worked in excess of forty (40) in any given workweek may properly be included as members of the Plaintiff Class.

26.     Thus, the class Plaintiff seeks to represent is comprised of all current and former employees the Defendants' "enterprise" employed as hourly or non-exempt salaried workers who 1) worked at any business establishment of Defendants' "enterprise" located in Texas that was owned, operated and / or acquired by Defendants' "enterprise" during the class period, and 2) claim that Defendants' "enterprise" either (a) misclassified the employee as exempt from overtime wages, or (b) did not misclassify the employee, but instead failed to properly and fully compensate the employee's overtime wages due, or (c) made unauthorized deductions from their wages that resulted in a failure to pay the employee's overtime or straight-time wages earned.

27.     Individuals who opt in to the collective action will be added to the litigation, and copies of their written consents to join a collective action will be filed with the Honorable Court.

**V.**
**FACTS**

28.     At all times relevant to this action, Defendants' "enterprise" has been subject to the requirements of the FLSA.

29.     For purposes of this action, the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial.

30.     Defendants' "enterprise" employed Mr. Ahamed as a travel agent at their business establishment located in Sugar Land, Texas.

31.     Mr. Ahamed began his employment with Defendants' "enterprise" on September 1, 2015, and he is currently employed by the Defendants.

32.     At the outset of his employment with the Defendants, Mr. Ahamed was promised a fixed wage of $3,000.00 per month. Mr. Ahamed continues to earn this sum as his fixed monthly wage, and such wage has neither increased nor decreased during his employment with the Defendants. Furthermore, Mr. Ahamed's job duties as a travel agent have not changed during his tenure with the Defendants.

33.     Despite being a non-exempt employee, Mr. Ahamed did not receive any overtime wages in addition to his fixed monthly wage of $3,000.00.

34.     As Defendants' employee, Mr. Ahamed was required to perform duties typically performed by non-exempt employees. Further, Mr. Ahamed was subjected to unauthorized and illegal wage deductions from his fixed monthly wage totaling $4,053.32, thereby causing a violation of the salary basis requirements for exemptions. Among other things, Plaintiff sues for

these sums of withheld wages, along with liquidated damages in an equal amount as allowed by the FLSA.

35.     Plaintiff was required to work overtime hours in excess of 40 hours during each workweek of his employment. Mr. Ahamed typically worked between 45 to 47 hours a week.

36.     Similarly, during at least all or part of the last three years, all non-exempt workers employed by Defendants' business establishments were routinely required to work in excess of 40 hours a week to perform the function of their job, which included performance of duties otherwise typically performed by non-exempt employees because the job required it and Defendants' management required it.

37.     Defendants required Plaintiff and all others similarly situated to perform all necessary work to include the performance of those duties otherwise typically performed by non-exempt employees, which duties routinely required Plaintiff and other similarly situated employees to work "overtime" hours as defined by 29 U.S.C. § 201, *et seq.*

38.     Plaintiff and all other similarly situated employees were not paid at the proper premium hourly rates for the overtime hours they worked each week.

39.     As such, Plaintiff and all other similarly situated non-exempt employees of the Defendants were together victims of a common policy of the Defendants' "enterprise", which common policy violated the FLSA.

40.     As victims of a common policy that violated the FLSA, Plaintiff and all other similarly situated non-exempt employees of the Defendants may properly be joined as a class under 29 U.S.C. § 216(b).

41.     Plaintiff and all other similarly situated employees thus sue the Defendants' "enterprise", as a class, for their unpaid overtime wages owed under the FLSA.

42.     Plaintiff and all other similarly situated employees also sue the Defendants' "enterprise", as a class, for all wages withheld or deducted from their pay. Such deductions were made in violation of Texas law, and they resulted in non-payment of overtime and straight-time wages.

## VI.
## CAUSES OF ACTION

### Failure to pay wages in violation of the FLSA

43.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

44.     Plaintiff and all others similarly situated are non-exempt employees – that is, these individuals are entitled to receive overtime wages under the FLSA for all hours they have worked in excess of 40 during each seven-day workweek.

45.     During his employment, Mr. Ahamed routinely worked 40 hours or more per week.

46.     Defendants did not pay Plaintiff overtime compensation for the weekly hours he worked in excess of 40.  Defendants agreed to pay Mr. Ahamed $3,000.00 a month from which there was no deviation during his employment, despite Plaintiff admittedly working overtime in each week of his employment.

47.     Defendants also failed, and continue to fail, in paying the overtime wages owed to all other similarly situated employees since the beginning of the three-year period preceding the filing of this civil action.

48.     As such, Defendants violated 29 U.S.C. § 201, *et seq*., by failing to pay Plaintiff and all other similarly situated employees' "overtime" wages.

49.     Defendants knowingly and willfully carried out their illegal pattern and practice

of not paying their employees' overtime wages, and thereby evaded their legal obligations under 29 U.S.C. § 201, *et seq*. Defendants also knowingly and willfully made deductions from employees' pay, causing non-payment of overtime and straight-time wages in violation of the FLSA (29 U.S.C. §§ 206-207).

50.    Plaintiff and all others similarly situated seek an amount of back-pay equaling the unpaid overtime wages / straight-time wages earned from the date they commenced employment for the Defendants until the date of trial (or their last day of employment, if earlier).

51.    Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as allowed under 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

52.    Defendants do not possess contemporaneous, complete and accurate time records indicating the number of hours worked by Plaintiff and by other similarly situated employees.

53.    If Defendants possess such time records, Plaintiff and members of the Plaintiff Class will suffer irreparable harm if Defendants are not enjoined from this moment and during the pendency of this lawsuit from destroying or altering any records that are in any way related to the matters asserted herein, including any correspondence between Defendant, Plaintiff, and / or members of the Plaintiff Class, and any records required to be affirmatively maintained under the recordkeeping regulations of the FLSA.

54.    There is substantial likelihood that Plaintiff and members of the Plaintiff Class will prevail at the trial of this matter.

55.    The harm that will result is irreparable because Plaintiff and members of the Plaintiff Class will not be able to replicate the destroyed or altered evidence.

56.    Plaintiff and members of the Plaintiff Class will not have any adequate remedy at

law if Defendants destroy or alter records pertaining to their employment, and they thus seek the Court to place Defendants on notice regarding the spoliation of such evidence.

57.     Mr. Ahamed further seeks the Honorable Court to place the Defendants on notice of the anti-retaliation provisions of the FLSA (29 U.S.C. § 215(3)) because Plaintiff continues to be employed with the Defendants.

## VII.
## ATTORNEYS' FEES AND COSTS

58.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

59.     Plaintiff, and all others similarly situated, seek to recover their attorneys' fees and costs for bringing this action pursuant to 29 U.S.C. § 201, *et seq*.

## VIII.
## JURY DEMAND

60.     Plaintiff, and all others similarly situated, demand a jury trial on all issues that may be tried to a jury.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff IMTHIYAS AHAMED, and all others similarly situated, respectfully request that upon final hearing, the Honorable Court grants Plaintiff, and all others similarly situated, relief against Defendants Riya Travel & Tours, Inc.; BookOtrip, LLC; Trip Brands LLC; Samuel Benson; and, Ani Benson, jointly and severally, as follows:

a.     Authorize the issuance of notice to all of Defendants' enterprise's similarly situated employees who were employed during the three (3) years immediately preceding the filing of this lawsuit, informing them of their right to participate in this lawsuit;

b.   Declare that Defendants' enterprise violated 29 U.S.C. § 207, by failing to pay Plaintiff, and all others similarly situated, overtime pay at one and one half times their regular hourly base rate for all hours in excess of 40 worked during each seven-day work period;

c.   Declare that Defendants' enterprise violated 29 U.S.C. § 206, by failing to pay Plaintiff, and all others similarly situated, straight-time pay for the first 40 hours worked during each seven-day work period;

d.   Enjoin Defendants' enterprise from failing to pay Plaintiff, and all others similarly situated, their overtime and straight-time wages earned, and enjoin the Defendants from making illegal and unauthorized wage deductions;

e.   Declare that Defendants' enterprise's violations of the FLSA are willful;

f.   Order Defendants' enterprise to pay liquidated damages to Plaintiff, and to all others similarly situated, in an amount equal to the unpaid overtime and straight-time wages;

g.   Enter an injunction restraining Defendants' enterprise from destroying or altering any payroll or other relevant records;

h.   Order Defendants' enterprise to pay Plaintiff and all others similarly situated employees' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

i.   Order Defendants' enterprise to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees and costs, assessed against Defendants' enterprise; and,

j.   Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff, and to all other similarly situated employees of Defendants' enterprise.

Respectfully submitted,

**ALI  S. AHMED, P.C.**

By:   /s/ Salar Ali Ahmed
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
One Arena Place
7322 Southwest Frwy., Suite 1920
Houston, Texas 77074
Telephone: (713) 223-1300
Facsimile: (713) 255-0013
aahmedlaw@gmail.com

**Attorney for Plaintiff**
**Imthiyas Ahamed**